FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 18 P 1:36

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

PAULINE FAGBUYI,

 Plaintiff,

v.  Case No.: GJH-17-2876

PRINCE GEORGE'S COUNTY, *et al*,

 Defendants.

## MEMORANDUM OPINION

In this case, Plaintiff Pauline Fagbuyi filed suit against her former employers, Defendants Prince George's County and Prince George's County Department of Health, for wrongful termination and discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). ECF No. 9 at 1–2.[1] Now pending before the Court is Defendants' Motion to Dismiss the Amended Complaint, or, in the Alternative, Motion for Judgment on the Pleadings ("Motion to Dismiss"). ECF No. 10.[2] The Motion has been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

### I. BACKGROUND[3]

Plaintiff Pauline Fagbuyi worked for Defendant Prince George's County (the "County") from October 2005 until the date of her termination in August or September 2015.[4] ECF No. 9 ¶

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Before Plaintiff filed her Amended Complaint, Defendants had filed a Motion to Dismiss the initial Complaint. ECF No. 8. To the extent that ECF No. 8 is listed as pending on the docket, it is denied as moot.

[3] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 9, and are presumed to be true.

[4] As discussed in further detail below, the parties dispute Plaintiff's exact date of termination.

7. Plaintiff is an "adult black female whose national origin is Nigeria." *Id.* ¶ 4. Plaintiff was born in 1947, and was over 65 years old when she was terminated. *Id.* In 2015, Plaintiff was working for the County as a Community Health Nurse within the Family Health Services department. *Id.* ¶ 7. During her entire tenure as a Community Health Nurse, Plaintiff had never received any written performance warnings or been the subject of other disciplinary actions. *Id.* ¶ 8. When she began working for the County, Plaintiff "was required to have and did have a valid nursing license." *Id.* ¶ 10.

Plaintiff alleges that her immediate supervisor, Inga Lewis, "repeatedly made discriminatory remarks to Ms. Fagbuyi about her age, such as inquiring about her age, which was 68 at that time, and asking when she was going to retire." *Id.* ¶ 12. Plaintiff further alleges that in the summer of 2015, Lewis told a supervisor that she "hated to see Ms. Fagbuyi around her." *Id.* On July 21, 2015, Lewis discovered that Plaintiff's nursing license had expired on June 28, 2015. *Id.* ¶¶ 13–14. Plaintiff was notified of the lapse, and she renewed her license the same day. *Id.* ¶ 13. Plaintiff alleges that "[a]ccording to Maryland State law, [she] had a 30-day grace period in which to renew her license after expiration." *Id.* ¶ 16. On August 4, 2015, Plaintiff was served with a Notice of Proposed Disciplinary Action and informed that she would be terminated for "failing to renew her nursing license." *Id.* ¶ 17. She was further advised that she could "protest the proposed termination" within ten days, which she did. *Id.* ¶¶ 22–23. On September 2, 2015, Plaintiff was informed that she was being terminated, effective the next day. *Id.* ¶ 24. Plaintiff alleges generally that "[u]pon information and belief, other similarly situated nurses not in Ms. Fagbuyi's age, race and nationality protected class were not similarly disciplined as a result of an expired license." *Id.* ¶ 18.

On June 1, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for discrimination based on race, color, national origin and age. *Id.* ¶ 25. On September 28, 2017, Plaintiff initiated this lawsuit by filing a Complaint against the Defendants, ECF No. 1, which she amended on December 21, 2017, ECF No. 9. In her Amended Complaint, Plaintiff alleges that the Defendants are liable for Violation of Title VII – Race, Color and National Origin, *id.* at 5 ("First Cause of Action"); Violation of 29 U.S.C. Section 621 – Age Discrimination, *id.* at 6 ("Second Cause of Action"); and Wrongful Termination, *id.* at 7 ("Third Cause of Action").[5] On January 4, 2018, the County filed the now-pending Motion to Dismiss, and Plaintiff opposed the Motion on January 18, 2018. ECF Nos. 10 and 11. The County filed a reply brief on January 31, 2018. ECF No. 13.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v.*

---

[5] In her opposition to Defendants' Motion to Dismiss, Plaintiff "consents to the dismissal of her common law claim for wrongful termination under Count III of the Amended Complaint." ECF No. 11 at 2 n. 1. Thus, the Court grants Defendants' Motion to Dismiss regarding Count III, as unopposed.

3

*City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. DISCUSSION

### A. Timeliness of Plaintiff's Claims

"Title VII establishes two potential limitations periods within which a discrimination charge may be filed with the EEOC." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). *See* 42 U.S.C.A. § 2000e-5(e)(1). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice;[6] in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The ADEA has the same limitation period. 29 U.S.C.A. § 626(d). "As Maryland is a deferral state, Plaintiff was required to file a charge with the EEOC within 300

---

[6] These states are referred to as "deferral states" because the initial charge is filed with a state deferral agency. *Miller v. Kramon & Graham, P.A.*, No. GJH-15-1081, 2016 WL 4379229, at *3 (D. Md. Aug. 16, 2016).

4

days of the alleged unlawful employment practice." *Miller v. Kramon & Graham, P.A.*, No. GJH-15-1081, 2016 WL 4379229, at *2 (D. Md. Aug. 16, 2016).

Here, Plaintiff received a "Notice of Proposed Disciplinary Action – Dismissal" from Health Officer Pamela B. Creekmur on August 4, 2015. ECF No. 11-2 at 1. The Notice advised Plaintiff of Creekmur's "intent to dismiss you from County employment effective the close of business August 18, 2015." *Id.* The Notice further informed her that she should "continue in a work status pending my final decision in regard to this matter" and that she had ten days "to respond in writing to the proposed disciplinary action set forth herein." *Id.* Defendants argue that Plaintiff's 300-day limitations period began when she received her Notice of Proposed Disciplinary Action on August 4, 2015, and that her Charge of Discrimination was thus submitted 303 days after the allegedly discriminatory conduct. ECF No. 10-2 at 6. Plaintiff, on the other hand, argues that she did not receive a definite notice of termination until September 3, 2015, and that her Charge of Discrimination was properly submitted 272 days after she was notified of her termination. ECF No. 11 at 8.

The Notice of Proposed Disciplinary Action was not a definitive adverse employment action against Plaintiff. "An adverse employment action is a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *Holland*, 487 F.3d at 219 (internal quotation marks omitted). Although "[c]onduct short of ultimate employment decisions can constitute adverse employment action," *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375–76 (4th Cir. 2004) (internal quotation marks omitted), "adverse employment action . . . denotes some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it," *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015). "An adverse action is one that constitutes a significant change in employment status,

5

such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted). On its face, the Notice conveyed only Creekmur's "intent" to terminate Plaintiff on August 18, 2015, and gave her the opportunity to continue working and respond to the Notice. Furthermore, the Notice stated that Creekmur's "final decision" was forthcoming, making it clear that the Notice was <u>not</u> a final decision. The Notice did not have a "direct or indirect impact" on Plaintiff's employment, nor was there a change in her "employment status" or "benefits." Thus, the Notice did not trigger Plaintiff's 300-day limitations period, and her Charge of Discrimination was filed in a timely manner. *See, e.g., Bowe-Connor v. Shinseki*, 923 F. Supp. 2d 1, 8 (D.D.C. 2013) ("a notice of proposed suspension does not constitute an adverse action"). Thus, the Court will consider the sufficiency of Plaintiff's claims.

### B. Sufficiency of Plaintiff's Claims

Title VII makes it illegal for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a). Similarly, "[t]he ADEA broadly prohibits arbitrary discrimination in the workplace based on age." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120 (1985) (citing *Lorillard v. Pons*, 434 U.S. 575, 577 (1978)) (internal citation omitted). Under either statute, a plaintiff may prove her employer's discrimination: (1) "through direct or indirect evidence of intentional discrimination," or (2) "through circumstantial evidence under the [burden-shifting framework of] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Pilger v. D.M. Bowman, Inc.*, 833 F. Supp. 2d 489, 494 (D. Md. 2011), *aff'd*, 521 F. App'x 307 (4th Cir. 2013).

6

Here, Plaintiff has alleged direct or indirect evidence of intentional discrimination based on age. The Fourth Circuit has defined "direct evidence" as evidence that the employer "announced, admitted, or otherwise unmistakably indicated that age was a determining factor." *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 485 (4th Cir. 1982). It is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wagner v. Dillard Dep't Stores, Inc.*, 17 F. App'x 141, 148 (4th Cir. 2001) (quoting *Jacklyn v. Schering–Plough Healthcare Prods.*, 176 F.3d 921, 926 (6th Cir. 1999)). Direct evidence is "evidence of conduct or statements that reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir. 1995).

"Derogatory comments may be direct evidence of age discrimination, provided they concern the employee's age and sufficiently demonstrate that the employer's age-related animus affected the employment decision at issue." *Arthur v. Pet Dairy*, 593 F. App'x at 218. Such comments must be "1) [r]elated to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of-adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Id.* at 219.

Here, Plaintiff has alleged that her immediate supervisor "had repeatedly made discriminatory remarks to Ms. Fagbuyi . . . about her age, such as inquiring about her age, which was 68 at that time, and asking when she was going to retire." ECF No. 9 ¶ 12. Additionally, in the summer of 2015, her supervisor told another supervisor that she "hated to see [Plaintiff] around her." *Id.* Shortly thereafter, Plaintiff was terminated. Finally, Plaintiff alleges that "[u]pon information and belief, other similarly situated nurses not in Ms. Fagbuyi's age, race and

7

nationality protected class were not similarly disciplined as a result of an expired license." *Id.* ¶ 18. While it is true that "an employer's 'friendly' inquiries about retirement cannot usually support a finding of age discrimination . . . not all inquiries about retirement are 'friendly' and . . . repeated and unwelcome inquiries may certainly be relevant to a showing of age discrimination." *Houston v. Kirkland*, GJH-15-2507, 2016 WL 7176580, at *10 (D. Md. Dec. 7, 2016) (quoting *Leonard v. Twin Towers*, 6 Fed. App'x 223, 230 (6th Cir. 2001)). As Plaintiff has alleged that she was "repeatedly" subjected to inquiries from her supervisor regarding her age and when she was going to retire, and that the same supervisor told a colleague that she "hated to see [Plaintiff] around her" shortly before Plaintiff was terminated, Plaintiff has plausibly stated a claim for age discrimination by alleging direct evidence of discrimination. Thus, the Court denies Defendants' Motion to Dismiss regarding Plaintiff's Second Cause of Action.

Plaintiff does not, however, allege any direct evidence of race discrimination in her Amended Complaint. Thus, Plaintiff's claim of race discrimination can survive only if she sufficiently alleges "circumstantial evidence under the [burden-shifting framework of] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Pilger v. D.M. Bowman, Inc.*, 833 F. Supp. 2d 489, 494 (D. Md. 2011), *aff'd*, 521 F. App'x 307 (4th Cir. 2013). To establish a prima facie case of race discrimination under the *McDonnell Douglas* framework, a plaintiff must allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In establishing the fourth element, a plaintiff must sufficiently plead evidence of similarities with her comparators. For example, in *Swaso v. Onslow County Board of Education*, the Fourth Circuit reviewed *de novo* the district court's dismissal of the plaintiff's claim of racial

discrimination. 698 Fed. App'x 745, 746 (4th Cir. 2017). In affirming the district court's dismissal, the Fourth Circuit reasoned that

> Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination . . . '[t]he similarity between comparators . . . must be clearly established in order to be meaningful.' . . . Absent further factual development, [plaintiff] falls short of alleging facts from which to reasonably infer that [the white employees'] difference in treatment was attributable to racial discrimination. Even when viewed in light of [plaintiff's] remaining allegations, we conclude her bare allegations are insufficient to raise her right to relief above the speculative level.

*Id.* at 748–49.

Plaintiff has clearly alleged the first three elements of a prima facie case. *See* ECF No. 9 ¶ 4 (Plaintiff is a "black female whose national origin is Nigeria"); ¶ 8 (Plaintiff "had never received any written performance warnings or other disciplinary actions"); ¶ 24 (Plaintiff's employment was terminated). For the fourth element, however, Plaintiff alleges only that "[u]pon information and belief, other similarly situated nurses not in Ms. Fagbuyi's age, race and nationality protected class were not similarly disciplined as a result of an expired license." *Id.* ¶ 18. As in *Swaso*, Plaintiff has not alleged sufficiently that there was a specific comparator who was similarly situated outside her protected class. Simply alleging "[u]pon information and belief" that such a comparator exists is not sufficient to survive a motion to dismiss. *See also Mandengue v. ADT Sec. Sys., Inc.*, No. CIV.A. RDB-09-3103, 2010 WL 2365463 (D. Md. June 4, 2010) (reasoning that plaintiff's "conclusory assertion that upon information and belief, a significantly younger employee replaced her, was insufficient to state an age discrimination claim under the ADEA based on her termination"). Thus, the Court grants Defendants' Motion to Dismiss regarding Plaintiff's First Cause of Action.

## IV. CONCLUSION

For the foregoing reasons, the Court grants-in-part and denies-in-part Defendants' Motion to Dismiss. The Court finds that Plaintiff's claims are not time-barred, but that her first cause of action fails to state a claim upon which relief may be granted.[7] Thus, the Court grants Defendants' Motion to Dismiss the Amended Complaint, or, in the Alternative, Motion for Judgment on the Pleadings, ECF No. 10, as to Plaintiff's First Cause of Action. The Motion is denied as to the Second Cause of Action. A separate Order shall issue.

Date: May 18, 2018

GEORGE J. HAZEL
United States District Judge

---

[7] As mentioned above, see supra n. 5, Plaintiff has consented to the dismissal of her third cause of action.